EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 530-2020-05221 |

Delaware Department of Labor _____ and EEOC

*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Ms. Shoshannah C. Henry
**Home Phone** (Incl. Area Code): (860) 377-2949
**Date of Birth**: 

**Street Address**: 301 Long Island Court, Unit B1, Dover, DE 19901

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: DELAWARE STATE UNIVERSITY
**No. Employees, Members**: 15 - 100
**Phone No.**: (302) 850-6000

**Street Address**: 1200 N DUPONT HIGHWAY, MARTIN LUTHER KING JR STU, Dover, DE 19901

**DISCRIMINATION BASED ON**: [X] SEX, [X] RETALIATION, [X] DISABILITY

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 08-15-2019
Latest: 09-10-2020
[X] CONTINUING ACTION

**THE PARTICULARS ARE**:

I believe that I have been subjected to sexual harassment and retaliation based upon my following allegations.

I was hired by Respondent on or around July 22, 2019 as an Associate Director of Financial Aid. On or around August 16, 2019, Respondents Executive Director of Financial Aid Al Dorsett kissed me unexpectedly. I turn down his advance immediately. The following day, Mr. Dorsett texted me asking to make a pact and then he called me the next morning to ask about engaging in an affair with him. I again turned down Mr. Al Dorsett immediately. Mr. Dorsett would make inappropriate comments to me, calling me "sexy," and once when he was staring at me, I asked him what was up, and he told me I have a "sexual look" about me. I wanted to complain but I recalled Mr. Dorsett telling me that Delaware is an at-will state and he could end my employment without cause, emphasizing my probationary period. One day, while speaking to Mr. Dorsett, he made a comment about another staff member, to which I replied, "will you just fire me too?" He responded, "If I haven't fired you yet

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 12/29/20
Charging Party Signature: Shoshanah Henry

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2020-05221 |
|---|---|---|

Delaware Department of Labor                                                                 and EEOC
*State or local Agency, if any*

consider yourself lucky." I remained quiet out of fear for retaliation. VP of the division, and Al Dorsett's supervisor, Antonio Boyle, would also make inappropriate comments to me, such as coming to my place. He had me retrieving and delivering to him, copies of the Sunday paper on Monday mornings. He would FaceTime me on late evenings, while he was on travel. Once when meeting with him in his office he motioned/pointed towards my body and said "That right there? That's mine." He often mentioned me obtaining my visa, so I could go on international recruiting trips with him. Once the investigation occurred, he stopped talking to me and treated me differently as well, such as dismissing me or skipping over me during division meetings, when it was time to report out for my department.

After the incident where he kissed me, I noticed that Mr. Dorsett started to treat me different. He would scrutinize my work and asked me to do things that I felt was unethical. I was told to terminate the employment of a subordinate without good cause and to write him an email he could use as grounds for termination. Although I wrote the email, I refused to terminate the employee because I felt it was not right. He also told me to write an email about another staff member from a different department (IT) to support false claims with HR. Mr. Dorsett gave me additional work and mandated that I work harder than others, and for longer hours.

In Jan 2020, I returned to work from winter break. We were required to work 12 days in a row, from 8:00am to 8:00pm. After those days concluded, on January 27th, I was attempting to leave work around 6:45pm and Mr. Dorsett began to yell at me when I told him I needed to go home. He did not speak to me about staying late that night and was frustrated due to a department audit. I could not take being yelled at any more and I started to feel symptoms of anxiety and sharp chest pains, and immediately went to the emergency room. My doctor required I take a few days off to recover, and upon my return, I filed a complaint with HR about everything that I had experienced. I spoke with HR's Irene Chapman-Hawkins on January 30th, about Mr. Dorsett sexually harassing me and then retaliating against me when I rejected him. HR alleged they were going to look into my allegations but that did not stop Mr. Dorsett. I spoke to Pamela Gresham and Vernice Oney, of HR, about filing a worker's compensation claim. They told me I was not eligible to file and argued with me about not being eligible for FMLA (which was not my inquiry), but from my understanding, I was eligible for filing worker's compensation, and asked for the information to do so. HR continued to make this process difficult for me to navigate after avoiding communication.

I continued working under Mr. Dorsett while they conducted their investigation. On the evening of February 4th, Mr. Dorsett asked to speak to me in his office, where he yelled at me and stated things in the email dated February 5th (below). On February 5, 2020, Mr. Dorsett changed my job responsibilities, giving me additional duties, and took away any subordinates I had reporting to me. Mr. Dorsett was making my work difficult because I complained. He continued yelling at me and tried to get me to talk about what was said in private with HR. After he reassigned my duties, he began to

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/29/20   *Shoshannah Henry*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2020-05221 |
|---|---|---|

Delaware Department of Labor _____ and EEOC
*State or local Agency, if any*

tell me my weekly reports were not up to par for his expectations and made me do them over and resend to him, when before, there was never an issue with my reports. He also did not require others in the department to provide him weekly reports.

On Wednesday, August 5th, I was told I must return to work after we were working remotely since late March. That same day, I submitted a request for a Reasonable Accommodation due to COVID and being a high-risk individual with a documented disability, to Vernice Oney, benefits specialist. Respondent never took action on my request. Respondent intentionally made it difficult for me at work by not taking any action to correct the sexual harassment I experienced, and they allowed my supervisor to continue to retaliate against me after I complained. Respondent did not engage in the interactive process when I requested an accommodation to work from home, after emailing to follow up several times. After informing Mr. Dorsett of my pending accommodations request, he assigned me additional duties moving forward, as if to punish me again for speaking up for myself. I feared my supervisor and felt that he was trying to pressure me out of my role.

I constructively discharged myself on or around Wednesday September 9th, 2020, due to several events contributing to an uncomfortable workplace. I allege that Respondent subjected me to sexual harassment and retaliation based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. Additionally, I allege that Respondent denied me an accommodation in retaliation for engaging in a protected activity in violation of the Americans with Disabilities Act of 1990, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/29/20  *Shoshannah Hunt*
Date          Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – OFFICE OF ANTI-DISCRIMINATION**

Shoshannah C. Henry
301 Long Island Court, Unit B1
Dover, DE 19901

Case No.: HEN051922 / 530-202-05221

vs.

Delaware State University
1200 N. DuPont Highway
Dover, DE 19901

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Reasonable Cause Determination and Notice of Mandatory Conciliation.*

In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory Teleconference Conciliation. Teleconference scheduled on the following date and time: **January 18, 2023 at 10:00 a.m.**
Respond to: jennifer.grace-umoete@delaware.gov

Your cooperation and good faith effort are anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

**A. Disability (Failure to Accommodate):**

**Established:**

She has a physical impairment that substantially limits one or more major life activities.

She notified Respondent of her Disability

She remained qualified for the position she held.

Is able to perform the essential functions of the position with or without a reasonable accommodation

She requested a reasonable accommodation

**Not Established:**

Respondent failed to engage in the interactive process

A reasonable accommodation existed, however Respondent failed to provide one.

Charging Party has failed to establish all the *prima facie* as such, the burden of proof remains with Charging Party.

17C_C-12-RC – Reas Cause Determ Rev. 10/2019

B. **Retaliation - (Increased Workload):**

**Established:**

She engaged in covered activity when she filed an internal sexual harassment complaint.

She experienced a material adverse employment action when Respondent increased her workload beyond the scope of her assigned position.

But-For Charging Party filing an internal sexual harassment complaint; Respondent would not have assigned her additional work beyond the scope of her assigned position.

Charging Party has established all the prima facie elements that Respondent increased her workload once she engaged in protected activity. As such, the burden of proof now shifts to Respondent.

C. **Harassment - Sex (Female):**

**Established:**

She experienced unwelcome conduct on the basis of her Sex (Female).

Enduring the offensive conduct was condition of continued employment

The conduct by her Director was severe and pervasive enough it created a work environment that a reasonable person would consider intimidating, hostile or abusive.

Employer liability: Mr. Dorsett was directly responsible for Charging Party's sexual harassment complaint, abused his powers of his position and intimated Charging Party. In addition to this, he increased her workload once she engaged in protected activity in an effort to constructively discharge her.

Charging Party has established all the prima facie elements that that she was Sexually Harassed and Constructively discharged. As such, the burden of now proof shifts to Respondent.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination. See the attached Notice of Rights.

*James F. BS* (signature)

January 4, 2023
Date issued

James F. Billups III, Administrator
Division of Industrial Affairs, Office of Anti-Discrimination

*James F. BS* (signature)

January 30, 2023
Date conciliation completed

James F. Billups III, Administrator
Division of Industrial Affairs, Office of Anti-Discrimination

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_C-12-RC – Reas Cause Determ Rev. 10/2019